**Joseph TAMALUNIS and Betty Tamalunis, Plaintiffs,**

v.

**The CITY OF GEORGETOWN, ILLINOIS, Defendant.**

No. 90–3254.

United States District Court,
C.D. Illinois,
Springfield Division.

Feb. 27, 1991.

Warren White, Danville, Ill., for plaintiffs.

Gregory C. Ray, Mattoon, Ill., Kennith W. Blan, Jr., Danville, Ill., for defendant.

## OPINION

RICHARD MILLS, District Judge:

Procedural due process requires first a "property interest."

Was there one here?

No.

Plaintiffs recovered a $150,000 judgment for pollution damages to their property against the City of Georgetown, Illinois. The judgment was affirmed by the Appellate Court of Illinois on June 18, 1989. *Tamalunis v. The City of Georgetown*, 185 Ill.App.3d 173, 134 Ill.Dec. 223, 542 N.E.2d 402 (4th Dist.1989). That judgment became final on January 2, 1990.

On January 17, 1990, the Georgetown city council passed a resolution, pursuant to Ill.Rev.Stat. ch. 85, ¶ 9–104(b), stating that it would pay the judgment in ten equal annual installments. The Tamalunis', believing that their constitutional rights have been violated by the city council's actions, have brought this action seeking (1) a declaration that ¶ 9–104(b) violates their right to procedural due process, (2) a finding that payment of the judgment would not constitute an unreasonable hardship, and (3) an order that the judgment be paid forthwith.

The City of Georgetown has moved to dismiss this action based upon a lack of a property interest in the Tamalunis' asserted right to immediate payment of the judgment.

For causes of action accruing prior to November 25, 1986, (as is the case here), Illinois law provided:

(a) If a local public entity does not pay a tort judgment or settlement during the fiscal year in which it becomes final and if, in the opinion of the governing body, the unpaid amount of the tort judgment is not too great to be paid out of revenues for the ensuing fiscal year, the governing body shall pay the balance of the judgment during the ensuing fiscal year.

(b) If the local public entity does not pay the tort judgment or settlement during the fiscal year when it becomes final and its governing body is of the opinion that the unpaid amount of the judgment or settlement is so great that undue hardship will arise if the entire amount is paid out of the revenues for the ensuing fiscal year, the governing body shall pay the judgment or settlement, with interest thereon, in not more than 10 annual installments. Each payment shall be of an equal portion of the tort judgment or settlement. The governing body, in its discretion, may prepay any one or more installments or any part of an installment.

Ill.Ann.Stat. ch. 85, ¶ 9–104 (Smith–Hurd 1987) (repealed November 25, 1986). The Tamalunis' argue that ¶ 9–104(b), by vesting discretion to invoke the installment payment method solely in the city council, without providing the judgment creditor notice or a hearing, violates the fourteenth amendment's guarantee of procedural due process.

The fourteenth amendment's guarantee of due process applies only if one has a property interest in a benefit. To have a property interest in a benefit, a person "clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it." *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). Rather, he must have a "legitimate claim of entitlement to it." *Id.*

Property interests are not created by the Constitution. They are "created and their dimensions are defined by existing rules or

understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id.* Thus, to determine whether the Tamalunis' had a right to procedural due process, we first must determine whether they had a property interest in the right to immediate payment of their judgment.

The majority of the groundwork on this visceral issue was laid by the courts which considered the case of *Evans v. City of Chicago,* 522 F.Supp. 789 (N.D.Ill.1980), *later proceeding,* 689 F.2d 1286 (7th Cir. 1982) (*Evans* I), *later proceeding,* 873 F.2d 1007 (7th Cir.1989) (*Evans* II), *cert. denied,* — U.S. ——, 110 S.Ct. 2560, 109 L.Ed.2d 742 (1990).

The issue *sub judice* was the subject of extensive litigation in *Evans,* a consolidated class action involving individuals who held tort judgments against the City of Chicago. The City of Chicago had a practice of delaying payment of tort judgments over $1,000 for several years because of insufficient appropriated funds. Creditors holding tort judgments of less than $1,000 were paid immediately. Three classes of judgment creditors brought suit alleging that Chicago's practice violated both their right to procedural due process and equal protection.

The district court, in response to the plaintiffs' motion for partial summary judgment, held that ¶ 9–104(b) was facially unconstitutional in violation of the fourteenth amendment because it failed to provide adequate procedural safeguards to judgment creditors. Also, the court held that Chicago's practice of paying tort judgments under $1,000 prior to earlier entered, larger judgments denied the plaintiffs equal protection.

On appeal, the Seventh Circuit vacated the district court's holding that ¶ 9–104(b) violated the fourteenth amendment. The circuit court reasoned that only ¶ 9–104(b) allowed a city to delay payment of a judgment beyond the end of the fiscal year following the year in which the tort judgment became final. If the city does not

invoke ¶ 9–104(b), as was the case in *Evans,* then the judgment holder may legitimately claim entitlement to immediate payment. Thus, at least in that situation, the right to immediate payment of a tort judgment becomes a property right under Illinois law.

In *Evans,* however, the governing body of the City of Chicago never determined that undue hardship would result from immediate payment of the judgments and never invoked ¶ 9–104(b). Thus, the circuit court held that the plaintiffs lacked standing to attack the constitutionality of ¶ 9–104(b) and that the district court had improperly reached the issue. The court expressly reserved any opinion on the constitutionality of the statute. *Id.* at 1299.

Following remand to the district court for determination of damages, the plaintiffs and City entered into a consent decree and the district court "created a complicated system for computing damages resulting from the equal protection violations." Both parties appealed once again.

In *Evans* II the Seventh Circuit reconsidered its equal protection analysis and overruled *Evans* I's holding that the City's system of paying tort judgments under $1,000 prior to earlier entered, larger judgments violated the equal protection clause of the fourteenth amendment. Turning to the due process issue, the circuit court stated that the district court on remand relied only upon the equal protection analysis in reaching its decision, the parties did not argue the due process question upon the second appeal, and that it "has not survived to this stage of the litigation." *Evans v. City of Chicago,* 873 F.2d 1007, 1018 n. 15 (7th Cir.1989).

In a footnote the *Evans* II court also discussed the *Evans* I court's analysis of the due process issue. *Evans* II recognized that *Evans* I stood for the proposition that if the city council does not invoke ¶ 9–104(b) by the end of the fiscal year following the year in which the judgment becomes final the judgment creditor may legitimately claim entitlement to prompt payment of the judgment. In that situation, the right to immediate payment of a

tort judgment becomes a property right under Illinois law. *Evans II*, 873 F.2d at 1012 n. 11 (quoting *Evans I*, 689 F.2d at 1297).

The Supreme Court determined as early as 1883 that a judgment against a governmental entity is not a right to payment at a particular time but merely the recognition of a continuing debt of that governmental entity. *Louisiana ex rel. Folsom v. Mayor & Admrs*, 109 U.S. 285, 3 S.Ct. 211, 27 L.Ed. 936 (1883). By its terms, ¶ 9–104 alters this general rule such that if the governmental debtor *does not* invoke the installment method of payment under ¶ 9–104(b), the creditor does have a right to prompt payment which constitutes a property interest under Illinois law. *Evans I*, 689 F.2d at 1297.

On the other, if the governmental debtor follows ¶ 9–104(b), as the City of Georgetown did in this case, then the creditor does not have a property interest in immediate payment under Illinois law and the general rule of *Folsom* applies. *See Minton v. St. Bernard Parish School Bd.*, 803 F.2d 129, 132 (5th Cir.1986) (no right to immediate payment of judgment exists under Louisiana law and thus no denial of due process).

Because the City of Georgetown complied with ¶ 9–104(b), the Tamalunis' do not have a right to immediate payment of their judgment under Illinois law and thus do not have a property interest subject to due process protection. Therefore, the City of Georgetown's motion to dismiss must be allowed.

*Ergo*, Defendant's motion to dismiss (d/e 4) is ALLOWED.

Case CLOSED.